UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| TIMOTHY LAFONE MURPHY, ) ) Petitioner, ) ) v. ) ) J. RAY ORMOND, ) ) Respondent. ) | Civil Action No. 6: 18-185-DCR  **MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Timothy LaFone Murphy is confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Murphy has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] This matter is before the Court for initial screening of Murphy's petition. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny the relief sought.

Murphy was convicted in January 2005 by a jury in the United States District Court for the Eastern District of North Carolina of conspiracy to distribute and to possess with intent to distribute more than fifteen kilograms of cocaine and more than 1.5 kilograms of crack cocaine in violation of 21 U.S.C. § 841(a)(1), 846. Murphy's recommended sentencing range under the United States Sentencing Guidelines was life imprisonment, based on a total offense level of 43 and a criminal history category of VI. Murphy was sentenced on July 19, 2005, to life imprisonment. Murphy's conviction and appeal were affirmed by the United States Court of

Appeals for the Fourth Circuit. *United States v. Murphy*, No. 5: 04-cr-241-FL (E.D.N.C. 2004).

Murphy's subsequent efforts to obtain relief from his conviction and sentence *via* multiple motions to vacate filed pursuant to 28 U.S.C. § 2255 have been unsuccessful. However, on November 30, 2015, the sentencing court granted Murphy's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and reduced Murphy's term of imprisonment to 360 months. *United States v. Murphy*, No. 5: 04-cr-241-FL (E.D.N.C. 2004), at Record No. 338. Murphy currently has a renewed motion for sentence modification pursuant to § 3582(c) and Amendment 750 to the Sentencing Guidelines pending in the sentencing court. *Id*. at Record No. 361.

Murphy has filed a § 2241 petition with this Court, arguing that, in light of *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Mathis v. United States*, __ U.S. __, 136 S. Ct. 2243 (2016), he was erroneously classified as a "career offender" under the Sentencing Guidelines because one of his prior convictions no longer qualifies as a "controlled substance offense" as defined by U.S.S.G. § 4B1.2(b). [Record No. 1-1 at p. 2] Murphy seeks to invoke the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert this claim in a § 2241 petition. However, because Murphy may not pursue his claims in this proceeding, his petition will be denied.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition may typically only be used as a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *Terrell v. United States*, 564 F.3d

442, 447 (6th Cir. 2009). A federal prisoner who instead wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Peterman*, 249 F.3d at 461 (explaining the distinction between a § 2255 motion and a § 2241 petition). A habeas corpus petition filed pursuant to § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). In other words, prisoners cannot use a habeas petition under § 2241 as yet another "bite at the apple." *Hernandez*, 16 F. App'x at 360.

The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). In *Hill v. Masters*, 836 F. 3d 591 (6th Cir. 2016), the Sixth Circuit articulated a very narrow exception to this general rule, permitting a challenge to a sentence to be asserted in a § 2241 petition, but only where: (1) the petitioner's sentence was imposed when the Sentencing Guidelines were mandatory before the Supreme Court's

decision in *United States v. Booker*, 543 U.S. 220 (2005); (2) the petitioner was foreclosed from asserting the claim in a successive petition under § 2255; and (3) after the petitioner's sentence became final, the Supreme Court issued a retroactively applicable decision establishing that - as a matter of statutory interpretation - a prior conviction used to enhance his or her federal sentence no longer qualified as a valid predicate offense. *Hill*, 836 F. 3d at 599-600.

Murphy does not satisfy the first criteria in *Hill*. As he concedes in his petition, he was sentenced under an advisory Guideline regime in July 2005, after the Court in *Booker* concluded that the Sentencing Guidelines were advisory rather than mandatory. [Record No. 1-1 at p. 4] Accordingly, Murphy's petition does not fall within the "narrow subset of § 2241 petitions" addressed in *Hill*. *Hill*, 836 F.3d at 599. *See also Moser v. Quintana*, No. 17-6421 (6th Cir. Jun. 21, 2018). And because Murphy fails to meet the requirements of *Hill*, he does not fall within the limited exception permitting the use a § 2241 petition to challenge the enhancement of his sentence. Accordingly, it is hereby

**ORDERED** as follows:

1. Murphy's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

This 29th day of June, 2018.



Signed By:
*Danny C. Reeves* DCR
United States District Judge